42 F.3d 1387
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Edward MASSIE, Jr., Defendant-Appellant.
 No. 93-5470.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 7, 1994.
Decided Dec. 23, 1994.
 
 James K. Bredar, Federal Public Defender, Carmen D. Hernandez, Assistant Federal Public Defender, Baltimore, MD, for Appellant.
 Lynne A. Battaglia, United States Attorney, Barbara S. Sale, Assistant United States Attorney, for Appellee.
 Before HALL, MURNAGHAN, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John Edward Massie, Jr. appeals his sentence after conviction for being a felon in possession of a firearm. See 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994). For the reasons stated below, we vacate Massie's sentence and remand for resentencing.
 
 
 2
 After the Maryland state court sentenced him to a five-year term of imprisonment for distribution of marijuana, Massie pled guilty to possession of a firearm by a convicted felon.[1] 18 U.S.C.A. Sec. 922(g)(1). At the sentencing hearing, Massie argued that because he was currently serving the five-year state term, USSG Sec. 5G1.3(c) and application note 3[2] required the court to calculate the sentence for the federal offense as though Massie were being sentenced for both the federal offense and the prior state offense. He argued that the resulting sentence should run concurrently with the state sentence because no incremental punishment was warranted.
 
 
 3
 The district court rejected this argument, finding that the firearm charge was not related to the drug charge and therefore section 5G1.3 did not apply. The court determined that Massie's offense level was thirteen, his criminal history category was III, and his guideline range was eighteen to twenty-four months. Although finding that adequate reason existed, the district court concluded that an upward departure for inadequate criminal history, USSG Sec. 4A1.3, was not required. The court imposed a twenty-month sentence, consecutive to Massie's undischarged state term. Massie appealed, contending that the district court misapplied Sec. 5G1.3(c) by not following the procedure set out in the commentary. Massie argues that his federal sentence should run concurrently with his undischarged state sentence.
 
 
 4
 Declining to follow the procedure required by Sec. 5G1.3, the district court concluded that the firearm offense and the drug offense were not closely related counts which should be grouped under Sec. 3D1.2. However, the decision whether counts are closely related and should be placed in the same group, USSG Sec. 3D1.2, is different from the requirement to apply the multiple count rules. USSG Sec. 5G1.2.
 
 
 5
 Section 5G1.3(c) provides that "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." USSG Sec. 5G1.3(c). Commentary directs the sentencing court to impose a sentence which, combined with the undischarged term of imprisonment, approximates the total punishment that would have been imposed had the court adjudicated the state drug offense in addition to the instant firearm offense. USSG Sec. 5G1.3, comment. (n.3); see United States v. Wiley-Dunaway, No. 94-5077, 1994 WL 637283, at * 6-7 (4th Cir. Nov. 15, 1994).
 
 
 6
 In determining Massie's sentence, the district court must " 'consider' [the sentence derived from application of Sec. 5G1.3] 'to the extent practicable' to fashion a 'reasonable incremental punishment,' " Wiley-Dunaway, slip op. at 8 (quoting USSG Sec. 5G1.3, comment. (n.3)), but may decline to impose the sentence suggested by the commentary if it has a good reason for doing so. Id. (citing United States v. Redman, 35 F.3d 437, 441 (9th Cir.1994)). Because the district court did not apply USSG Sec. 5G1.3(c), we vacate the sentence and remand for resentencing without suggesting the appropriate sentence.[3] We dispense with oral argument because the facts and legal conten tions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 On June 27, 1974, Massie had been convicted in Maryland of the felony of breaking and entering. He also had a prior conviction for possession of a firearm by a felon. 18 U.S.C.A. Sec. 922(g)(1)
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual, Sec. 5G1.3(c), p.s., Sec. 5G1.3, comment. (n.3) (Nov.1992). Massie was sentenced on June 10, 1993
 
 
 [3]
 Aside from the decision whether to impose sentence according to Sec. 5G1.3(c), the district court may depart from the guideline range for an adequate reason. United States v. Rogers, 897 F.2d 134, 136-37 (4th Cir.1990); Redman, 35 F.3d at 442 (declining to impose sentence according to Sec. 5G1.3(c) is not a departure)