47 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott Nepoleon MOORE, Defendant-Appellant.
 No. 94-50168.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 24, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Scott Nepoleon Moore appeals his 165-month sentence imposed following his convictions for conspiracy, in violation of 18 U.S.C. Sec. 371; armed bank robbery, in violation of 18 U.S.C. Sec. 2113(d); and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. Sec. 924(c), (d). Moore contends the district court failed to state adequately its reasons for: (a) sentencing him at the high end of the applicable Guidelines range, and (b) ordering his federal sentence to run consecutively to his prior state sentence for an unrelated armed robbery. The government concedes that the district court erred by not explaining its reasons for imposing a consecutive sentence. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm in part, vacate in part, and remand.
 
 
 3
 * Failure to State Reasons For Sentencing Within Guideline Range
 
 
 4
 We review de novo whether a district court adequately set forth its reasons for imposing a particular sentence within the guideline range. See United States v. Wilson, 7 F.3d 828, 839 (9th Cir.1993), cert. denied, 114 S.Ct. 2151 (1994). The district court must state reasons for imposing a sentence "at a particular point within the range" only if the applicable range exceeds 24 months. 28 U.S.C. Sec. 3553(c); see Wilson, 7 F.3d at 839; United States v. Howard, 894 F.2d 1085, 1092 (9th Cir.1990).
 
 
 5
 Here, the applicable Guideline range is 84 to 105 months of imprisonment, plus a 60-month term of imprisonment. Because the Guidelines sentencing range is less than 24 months, the sentencing court need not give an explanation for its choice of a sentence within the applicable range. See Howard, 894 F.2d at 1092.
 
 II
 
 6
 Failure to State Reasons for Consecutive Sentences
 
 
 7
 We review the district court's interpretation and application of the guidelines de novo. United States v. Redman, 35 F.3d 437, 438 (9th Cir.1994), cert. denied, 115 S.Ct. 922 (1995). We review a district court's sentencing decision for an abuse of discretion. See United States v. Meyers, 847 F.2d 1408, 1416 (9th Cir.1988); see also United States v. Messer, 785 F.2d 832, 834 (9th Cir.1986). The district court's discretion to impose a sentence concurrently or consecutively to a defendant's undischarged term of imprisonment is limited by U.S.S.G. Sec. 5G1.3(c). See Redman, 35 F.3d at 438-39; see also United States v. Conkins, 9 F.3d 1377, 1385 (9th Cir.1993). That section requires courts to impose a second sentence consecutively to the prior undischarged term of imprisonment "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." U.S.S.G. Sec. 5G1.3(c). The commentary to Sec. 5G1.3(c) provides a methodology for determining what a reasonable incremental punishment should be:
 
 
 8
 To the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed ... had all of the offenses been federal offenses for which sentences were being imposed at the same time.
 
 
 9
 U.S.S.G. Sec. 5G1.3, comment. (n. 3).
 
 
 10
 Although the district court is not required to impose the punishment calculated under the commentary methodology, it still must "attempt to calculate the reasonable incremental punishment that would be imposed under the commentary methodology." See Redman, 35 F.3d at 441. Should the district court then reject the commentary methodology, the court must "state its reasons for abandoning the commentary methodology in such a way as to allow us to see that it has considered the methodology." Id.; see also Conkins, 9 F.3d at 1385-86.
 
 
 11
 Here, the district court failed to follow the requirements of U.S.S.G. Sec. 5G1.3(c) because it did not perform the calculation on the record as to what Moore's sentence would have been if all of his offenses had been federal crimes, nor did the district court discuss the impact of U.S.S.G. Sec. 5G1.3(c). Because there is no indication in the record that the district court ever considered the commentary methodology, we vacate Moore's sentence and remand. See Redman, 35 F.3d at 441-42; Conkins, 9 F.3d 1385-86. Upon remand, the district court should resentence Moore after considering the methodology of 5G1.3(c) as outlined by Redman.
 
 
 12
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3