52 F.3d 335
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Mark WATTS, Defendant-Appellant.
 No. 94-50000.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 10, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Mark Watts appeals his sentence after pleading guilty to four counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a). On December 20, 1993, Watts was sentenced to 162 months' imprisonment. He contends that (a) his counsel was ineffective because he failed to argue for a downward departure based on Watts's history of mental illness; and (b) the trial court erred when it failed to order that Watts's federal sentence run concurrently with the state sentence which he was already serving. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 Ineffective assistance of counsel claims are reviewed de novo. United States v. Layton, 855 F.2d 1388, 1416 (9th Cir.1988), cert. denied, 489 U.S. 1046 (1989). We may consider ineffective assistance claims on direct appeal when the record is sufficient to decide the claim. United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991). To prevail, a defendant must show he was prejudiced by counsel's deficient representation. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 4
 Watts contends counsel was ineffective because he did not argue for a downward departure based on Watts's extraordinary history of mental illness. We reject this claim on the grounds that Watts has not shown that he was prejudiced by counsel's failure to make this argument. See id. Given that the court rejected counsel's arguments that Watts should be sentenced to the low-end of his guidelines range due to mental illness, we have no reason to believe that the district court would have granted a downward departure on that basis.
 
 
 5
 Watts contends that the district court erred under U.S.S.G. Sec. 5G1.3(c) when it failed to order that his federal sentence run concurrently with the state sentence which he was already serving. We review de novo the district court's interpretation and application of the Sentencing Guidelines. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992).
 
 
 6
 After Watts was arrested in this case, he was tried in state court on an unrelated charge and sentenced to five years' imprisonment. As the district court noted at sentencing, the state court intended that Watts's state sentence run concurrently with his subsequent federal sentence. The district court's order of judgment, however, does not expressly state whether the federal sentence runs concurrently with, or consecutively to, Watts's state sentence. When the district court's judgment is "silent," the law presumes that the federal sentence runs consecutively to any undischarged term of imprisonment. See 18 U.S.C. Sec. 3584.
 
 
 7
 Because the state court intended that Watts's state sentence run concurrently with his subsequent federal sentence, Watts insists that the interests of comity require a concurrent sentence. We reject Watts's argument that comity requires a federal court to sentence a defendant as a state court would wish or intend, but agree that resentencing is required under section 5G1.3(c).
 
 
 8
 U.S.S.G. Sec. 5G1.3 governs the sentencing of a defendant who is already subject to an undischarged term of imprisonment. Under section 5G1.3(c), the district court may order a concurrent or a consecutive sentence. See U.S.S.G. Sec. 5G1.3, comment. (n. 3). Before doing so, however, the district court must calculate a "reasonable incremental penalty" for the instant offense. United States v. Redman, 35 F.3d 437, 438 (9th Cir.1994), cert. denied, 115 S.Ct. 922 (1995). A reasonable incremental penalty for the instant offense is one that:
 
 
 9
 "results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under Sec. 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time."
 
 
 10
 Id. at 439 (quoting U.S.S.G. Sec. 5G1.3, comment. (n. 3)). After determining a reasonable incremental penalty for the instant offense, the district court must then decide whether a concurrent sentence would be sufficient to achieve an appropriate total punishment or if a consecutive sentence is "necessary to fashion a sentence resulting in a reasonable incremental punishment for the multiple offenses." U.S.S.G. Sec. 5G1.3, comment. (n. 3); see Redman, 35 F.3d at 441; see also United States v. Conkins, 9 F.3d 1377, 1385-86 (9th Cir.1993).
 
 
 11
 Because there is no indication in the record that the district court considered the commentary's methodology, we vacate Watt's sentence and remand for resentencing. Upon remand, the district court should follow the methodology of 5G1.3(c) as outlined by Redman and Conkins.[1]
 
 
 12
 VACATED and REMANDED for further proceedings consistent with this memorandum.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court may ultimately reject the commentary's methodology, the district court must "state its reasons for abandoning the commentary methodology in such a way as to allow us to see that it has considered the methodology." Redman, 35 F.3d at 441