**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dana Brete GARRETT, Defendant–
Appellant.**

**No. 94–10208.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 13, 1994.

Decided June 12, 1995.

---

6. However, had it not been pushed back, the hearing would have conflicted with Crawford's vacation.

1208

David L. Titterington, Asst. Federal Public Defender, Phoenix, AZ, for defendant-appellant.

Darcy A. Cerow and Joan G. Ruffennach, Asst. U.S. Attys., Phoenix, AZ, for plaintiff-appellee.

Before: TANG, SCHROEDER, and REINHARDT, Circuit Judges.

SCHROEDER, Circuit Judge:

Appellant Dana Brete Garrett appeals from his 18–month sentence, imposed after a guilty plea, for the crime of bank fraud in violation of 18 U.S.C. § 1344. On appeal, Garrett's principal argument is that the district court misapplied U.S.S.G. § 5G1.3 by meting out an incorrect "incremental punishment." Because the district court failed to properly consider the commentary methodology of the Sentencing Guidelines or to explain, as required by *United States v. Redman*, 35 F.3d 437 (9th Cir.1994), its reasons for using an alternative methodology, we vacate and remand for resentencing.

At the time of federal sentencing, Garrett had served approximately 15 months of an indeterminate state sentence with a maximum of four years. Appellant's trial counsel represented at his federal sentencing hearing that the defendant would probably serve a total of approximately 24 months on the state court sentence as a result of Arizona's good-time credit system. The district court determined that appellant's criminal history Category was III, and that the applicable guideline range for the sentence of conviction was 18–24 months. The district judge accepted the government's recommendation that the sentence be imposed at the low end of the guideline range. It imposed the sentence of 18 months to run concurrently with the state sentence as of the date of the federal sentencing, meaning that as a practical matter Garrett would serve approximately nine additional months as a result of the federal sentence and a total of 33 months for both crimes. Garrett argues that although nine months represents an appropriate figure of "incremental punishment," the district court should have imposed a sentence that resulted in the nine months running concurrently with the undischarged part of the state sentence rather than effectively running consecutively to it.

■ The parties are now in apparent agreement that the district court sentenced the defendant pursuant to U.S.S.G. § 5G1.3(c) (sentencing of defendants still serving undischarged sentences). Section 5G1.3(c) provides, in pertinent part, that "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense."

The commentary to that section discusses the manner in which the district court should determine a "reasonable incremental punishment." The commentary states that the district court should apply § 5G1.3(c) in the following manner:

[T]he court shall impose a consecutive sentence to the extent necessary to fashion a sentence resulting in a reasonable incremental punishment for the multiple offenses. In some circumstances, such incremental punishment can be achieved by the imposition of a sentence that is *concurrent with the remainder of the unexpired term of imprisonment.* In such cases, a consecutive sentence is not required. *To the extent practicable,* the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that *approximates* the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time.

Application Note 3 (emphasis added). Additionally, the background note to § 5G1.3 provides that "this guideline is intended to result in an appropriate incremental punishment for the instant offense that most nearly approximates the sentence that would have been imposed had all the sentences been imposed at the same time."

Here, the district court calculated a sentence for the single federal crime and determined that it should run concurrent with the undischarged portion of the state sentence. When doing so, the district court did not make any determination on the record that the approximately nine months of incremental punishment that resulted was reasonable; nor did the district court make the necessary preliminary determination called for in the commentary: the calculation of a sentence that would "approximate the total punishment that would have been imposed had all the offenses been federal offenses for which the sentences were being imposed at the same time." U.S.S.G. 5G1.3(c) Background Note.

We dealt recently with the same guideline provision and commentary in *United States v. Redman,* 35 F.3d 437, 440 (9th Cir.1994). We there affirmed a sentence that resulted in substantial incremental federal punishment beyond the hypothetical sentence that would have resulted if appellant's federal and state offenses had been sentenced together. We did so because the record reflected that the district court had considered the commentary methodology, determined the hypothetical combined sentence, and then concluded it would not yield an appropriate incremental punishment. *See Redman,* 35 F.3d at 439. The district court in this case has made no such determinations and we must therefore remand for resentencing.

■ Appellant also contends that the district court erred in sentencing him under Category III (yielding a sentence of 18–24 months) as opposed to Category I (yielding a sentence of 12–18 months) for the instant offense. He argues that Category I is appropriate because the criminal history category should be calculated as if the crimes were being sentenced at the same time. If the district court had so calculated his crimes, Garrett argues, his state forgery conviction would no longer constitute a "prior sentence" and he thus would not have had the requisite number of prior convictions for a Category III criminal history.

In adopting the presentence report's criminal history category recommendation, the district court accepted the probation officer's view that appellant's state forgery conviction resulted from a different scheme than the instant offense, was unrelated conduct pursuant to § 4A1.2(a)(2), and thus was a "prior" sentence. Appellant's sole argument to the contrary is that his criminal history category

should be calculated as if the crimes were being sentenced at the same time. This unsupported conclusion is apparently bottomed on the view that the hypothetical combined guideline range the district court should determine for purposes of ascertaining a "reasonable incremental punishment" under § 5G1.3(c) should also function to render the earlier sentence "non-prior" for purposes of calculating appellant's criminal history. We reject this bootstrapping argument. As the government notes, the sole purpose of calculating the hypothetical combined guideline range is to aid the court in its determination of a reasonable incremental punishment. It is not meant to reduce a defendant's criminal history.

The sentence is VACATED AND REMANDED FOR RESENTENCING.