76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rohitesh PRASAD, aka Junior aka Raj Kumar aka Roger,
Defendant-Appellant.
 No. 95-30092.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rohitesh Prasad appeals his 48-month sentence following resentencing by the district court. Prasad contends that the district court failed to: (a) apply correctly U.S.S.G. § 5G1.3; and (b) consider whether his sentence should have been further reduced for substantial assistance to the government pursuant to U.S.S.G. § 5K1.1. We have jurisdiction under 28 U.S.C. § 1291, and review de novo the district court's interpretation and application of the sentencing guidelines. United States v. Ogbuehi, 18 F.3d 807, 814 (9th Cir.1994). We affirm in part, vacate in part and remand.
 
 
 3
 In the Western District of Washington, Prasad pled guilty to one count of conspiracy to distribute five kilograms or more of a mixture and substance containing cocaine in violation of 21 U.S.C. § 846; two counts of structuring a financial transaction in violation of 21 U.S.C. §§ 5322, 5342(e); and seven counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(ii). The district court initially sentenced Prasad to 48 months imprisonment, departing downward from a guidelines range of 121 to 151 months to reflect Prasad's substantial assistance to the government. At the time of sentencing, Prasad was already subject to a 168-month sentence by the Central District of California for unrelated offenses in California.
 
 A. U.S.S.G. § 5G1.3
 
 4
 Pursuant to United States v. Redman, 35 F.3d 437, 439-40 (9th Cir.1994), cert. denied, 115 S.Ct. 922 (1995), we directed the district court on remand to consider U.S.S.G. § 5G1.3's methodology and determine: (1) "an appropriate total sentence" had Prasad been sentenced for the Western District of Washington and the Central District of California offenses at the same time; (2) a reasonable incremental punishment for Prasad's Western District of Washington offenses; and (3) whether a concurrent sentence would serve as an appropriate total punishment or if a consecutive sentence was necessary to achieve a reasonable incremental punishment for the multiple offenses. See U.S.S.G. § 5G1.3, comment. (n. 3 & illustrations).
 
 
 5
 Prasad contends that the district court failed to correctly apply section 5G1.3. We disagree. Upon remand, the district court determined, and the parties agreed, that Prasad would have been subject to a guidelines range of 211 to 241 months had he been sentenced for the Western District of Washington and the Central District of California offenses at the same time. The district court then calculated that a reasonable incremental punishment for the Washington offenses would range from 43 to 73 months. The district court again sentenced Prasad to a 48-month sentence consecutive to his California sentence. The district court reasoned that if it were to impose a concurrent sentence, Prasad would receive no incremental punishment for his Washington offenses. The district court did not err in its application of section 5G1.3. See Redman, 35 F.3d at 439-40.
 
 B. Substantial Assistance
 
 6
 Prasad contends that the district court failed to consider whether his sentence was entitled to a further reduction for substantial assistance to the government. On remand, after determining the correct guidelines range under Redman, the district court sentenced Prasad to 48 months imprisonment. A downward departure for substantial assistance is calculated only after determining the appropriate sentence from the correct guideline's range. See U.S.S.G. § 1B1.1. Because the record is unclear as to whether the district court applied a reduction for substantial assistance after calculating the appropriate sentence, we remand for the limited purpose of consideration of whether Prasad's sentence should be further reduced to reflect Prasad's substantial assistance to the government.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3