97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Irwin Michael BRODY, Defendant-Appellant.
 No. 96-10016.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Irwin Michael Brody appeals his 41-month consecutive sentence imposed following his guilty plea conviction for bank fraud in violation of 18 U.S.C. § 1344. He contends that the district court erred by failing to consider the methodology set forth in the commentary to U.S.S.G. § 5G1.3(c). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 Section 5G1.3 applies when a defendant is subject to one or more undischarged terms of imprisonment at the time of federal sentencing. Section 5G1.3(c) provides, in pertinent part, that "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c) (1995). The commentary to that section discusses the manner in which the district court should determine a "reasonable punishment." See U.S.S.G. § 5G1.3(c) (n. 3) (1995). The district court is required to make this determination on the record or "state its reasons for abandoning the methodology in such a way as to allow us to see that it has considered the methodology." See United States v. Redman, 35 F.3d at 441; see also United States v. Garrett, 56 F.3d 1207, 1209 (9th Cir.1995).
 
 
 4
 Here, Brody was subject to two prior undischarged terms of imprisonment at the time of sentencing. The parties agree that one of Brody's prior undischarged terms falls under the mandatory consecutive provision of 5G1.3(a). However, because section 5G1.3(c) applies to Brody's other term, this case constitutes a mixed-rule situation qualifying both prior terms for the application of section 5G1.3(c)'s methodology. See U.S.S.G. § 5G1.3(c) (n. 5) (1995). In sentencing Brody, the district court imposed a 41-month consecutive sentence. The district court neither stated that it had considered section 5G1.3(c)'s methodology nor did it give any indication that it was intentionally abandoning the methodology in favor of another method. See Redman, 35 F.3d at 441; Garrett, 56 F.3d at 1209. We therefore vacate and remand the sentence for the limited purpose of allowing the district court to consider the methodology set forth in the commentary to U.S.S.G. § 5G1.3(c).
 
 
 5
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3