103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen SCHAEFER, Defendant-Appellant.
 No. 95-10378.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 22, 1996.
 
 Before: RONEY,** BEEZER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Stephen Schaefer timely appeals his 51-month sentence, imposed after a guilty plea, for the crime of Armed Bank Robbery in violation of 18 U.S.C. § 2113(a)(d). On appeal, Schaefer argues: 1) that the district court misapplied USSG § 5G1.3 by ordering Schaefer's federal sentence to run consecutively to his undischarged state sentence; and 2) that the district court failed to explain adequately its reasons for not following the methodology of section 5G1.3(c). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's interpretation and application of the guidelines de novo. United States v. Redman, 35 F.3d 437, 438 (9th Cir.1994), cert. denied, 115 S.Ct. 922 (1995). We review a district court's sentencing decision for an abuse of discretion. Id.
 
 
 4
 The district court's discretion to impose a sentence concurrently or consecutively to a defendant's undischarged term of imprisonment is limited by USSG § 5G1.3(c). See Redman, 35 F.3d at 438-39. That section requires courts to impose a second sentence consecutively to the prior undischarged term of imprisonment "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." USSG § 5G1.3(c). The commentary to section 5G1.3(c) provides a methodology for use in determining a reasonable incremental punishment.
 
 
 5
 Although the district court is not required to impose the punishment calculated under the commentary methodology, it still must "attempt to calculate the reasonable incremental punishment that would be imposed under the commentary methodology." Redman, 35 F.3d at 441. The district court "may decline to impose the sentence suggested by the commentary's methodology, if it has a good reason for doing so." Id. Should the district court then reject the commentary methodology, the court must "state its reasons for abandoning the commentary methodology in such a way as to allow [appellate courts] to see that it has considered the methodology." Id.
 
 
 6
 Applying these principles to the case at hand, it is apparent that the district court did everything it was required to do. The district court engaged in extensive colloquy with defense counsel concerning the discretionary nature of section 5G1.3(c). The district court stated that it read section 5G1.3(c) and its notes. The district court then opted not to follow the methodology because it would have provided an "overly lenient" sentence.
 
 
 7
 Schaefer's reliance on United States v. Garrett, 56 F.3d 1207 (9th Cir.1995), is misplaced. In Garrett, this circuit reversed a district court's imposition of a sentence that effectively resulted in the federal sentence being served consecutive to an undischarged state sentence. Id. at 1208. In Garrett, the district court did not make any determination on the record that the consective sentence was reasonable, nor did the court make any analysis of what the sentence would have been if it had been imposed pursuant to the methodology of section 5G1.3(c).
 
 
 8
 In the instant case, however, the district court discussed at length the Pre-Sentence Report's (PSR) recommendation that was made pursuant to the commentary methodology of section 5G1.3(c). The district court then declared that the PSR's recommendation was "overly lenient," and opted not to follow the methodology. Thus, the district court did not err or abuse its discretion in imposing a 51-month sentence. See Redman, 35 F.3d at 441 ("If the [district] court demonstrates that it has considered the commentary's methodology and states a valid reason for employing a different one, we will not review its discretionary decision to impose a consecutive sentence for the purpose of achieving a 'reasonable incremental penalty.' ").
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3