107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph G. McCOY, Jr., Defendant-Appellant.
 No. 96-10109.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 16, 1997.
Decided Jan. 29, 1997.
 
 Before: LAY,* GOODWIN, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant, Ralph G. McCoy, Jr., challenges his sentence for violation of 18 U.S.C. § 1341, mail fraud, 18 U.S.C. § 2314, interstate transportation of stolen property, 18 U.S.C. § 1343, wire fraud, and 18 U.S.C. § 1956, money laundering. McCoy argues that the district court erred in failing to give him "constructive good time credit" for time he had already served on a related state conviction. We affirm.
 
 BACKGROUND
 
 3
 Ralph G. McCoy, Jr. was arrested on May 10, 1991 on California state charges related to a scheme to defraud investors. He was convicted in state court on April 22, 1992, and was sentenced to serve ten years in state prison. On August 25, 1994, a federal grand jury charged McCoy with mail and wire fraud based on the same scheme as the California case. The federal charges named non-California investors, whereas the California conviction covered only California investors. The federal indictment also charged McCoy with interstate transportation of stolen property and with money laundering.
 
 
 4
 On September 16, 1994, the federal government brought McCoy to federal court on a writ of habeas corpus ad prosequendum. McCoy then pled guilty to one count each of mail fraud, wire fraud, interstate transportation of stolen property, and money laundering. In the plea agreement, McCoy agreed that the district court could consider the state charges as well as the federal charges at sentencing. The government agreed to recommend that the federal sentence run concurrent from the date McCoy was imprisoned for the state case pursuant to U.S.S.G. § 5G1.3(b).
 
 
 5
 On February 28, 1996, the district court sentenced McCoy to 49 "months as to each count to run concurrently with each other and concurrently with his state sentence." The district court used both the state charges and the federal charges in arriving at an offense level of 31, with a sentencing range of 108 to 135 months. The district court believed that 108 months was the appropriate sentence for McCoy. Pursuant to U.S.S.G. § 5G1.3(b), comment, n. 2, the district court then subtracted 57 months to account for the 57 months McCoy had already spent in prison. McCoy requested that the district court reduce his sentence an additional seven months to account for good time credit he would have earned had he been indicted on the federal charges at the same time as the state charges. The district court reduced McCoy's sentence an additional two months to account for good conduct credit during the time since September of 1994 when McCoy was placed in federal custody. The district court refused to grant good conduct credit for the time when McCoy was only in state custody because "there are other crimes and other matters and people involved" in the federal plea.
 
 U.S.S.G. § 5G1.3
 
 6
 McCoy complains that U.S.S.G. § 5G1.3(b), comment, n. 2 mandates that the district court adjust his sentence to account for good conduct credit he would have earned had he been convicted on the federal charges at the same time as the state charges. We hold that U.S.S.G. § 5G1.3(b), comment, n. 2 does not mandate an adjustment for constructive good conduct credit.
 
 
 7
 McCoy does not argue that the district court failed to comply with the mandate of U.S.S.G. § 5G1.3(b). He only argues that the district court failed to comply with the mandate of U.S.S.G. § 5G1.3(b), comment, n. 2 (hereinafter "Note 2"). Note 2, however, does not require the district court to make adjustments to a sentence. Note 2 simply states that "the court should adjust the sentence for any period of imprisonment already served." Note 2 (emphasis added). "Should," unlike "shall" or "must," is simply not mandatory. See United States v. Redman, 35 F.3d 437, 440-41 (9th Cir.1994) (holding that "should consider" in U.S.S.G. § 5G1.3(c) is non-mandatory). The district court clearly considered granting constructive good time credit for the time McCoy served in state custody but decided that McCoy did not warrant additional constructive good time credit. He stated his reasons for not granting additional constructive good time credit, and we hold that these reasons were sufficient.
 
 
 8
 We need not decide whether U.S.S.G. § 5G1.3(b), comment, n. 2 permits the district court to grant any constructive good time credit because the government has not challenged the two months of constructive good time credit that the district court judge granted McCoy. For the same reasons, we also need not decide whether good time credit is within the exclusive authority of the Bureau of Prisons.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3