**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Michael D. WYNER, Defendant—
Appellant.**

No. 98–50506.

D.C. No. CR–96–00350–WDK–1.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Nov. 8, 2002.

Before HALL, THOMPSON and WARDLAW, Circuit Judges.

## MEMORANDUM *

Michael D. Wyner entered a guilty plea to one count of making a false statement to a lending institution, in violation of 18 U.S.C. § 1014, and one count of interstate transportation of property obtained by fraud, in violation of 18 U.S.C. § 2314. He now appeals from the district court's imposition of a sentence only partially concurrent with a prior sentence of incarceration imposed in the Northern District of California. We have jurisdiction under 28 U.S.C. § 1291, and we vacate Wyner's sentence and remand to the district court for resentencing.

Wyner contends that the district court applied the wrong version of U.S.S.G. § 5G1.3(c), cmt. n. 3 in determining whether his sentence was to run concurrently or consecutively to his prior sentence. When a criminal defendant raises for the first time on appeal the district court's use of the incorrect version of the Sentencing Guidelines, we review the sentence for plain error. *United States v. Chea*, 231 F.3d 531, 535 (9th Cir.2000).

■ The district court committed plain error when it sentenced Wyner because it relied on the wrong version of the Sentencing Guidelines. The Guidelines provide that:

> if the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the ex post facto clause of the United States Constitution, the court shall use the Guidelines Manual in effect

on the date that the offense of conviction was committed.

U.S.S.G. § 1B1.11(b)(1). The district court sentenced Wyner on August 6, 1998 for crimes he had committed on or before October 31, 1995. Section 5G1.3(c), cmt. n. 3 was amended effective November 1, 1995. We have held that the November 1995 amendment did implicate the Ex Post Facto Clause, U.S. Const. art. I., § 9, cl. 3, and that it is plain error for a sentencing court to apply the later version of § 5G1.3(c), cmt. n. 3 to a defendant convicted of a crime committed before the amendment's effective date. *Chea*, 231 F.3d at 535–40.

We reject the government's argument that the district court may have, *sub silentio*, considered and rejected the application of the discretionary standard of § 5G1.3(c), cmt. n. 3 in its sentencing. *See United States v. Redman*, 35 F.3d 437, 441–42 (9th Cir.1994). *Redman* requires that the district court "state its reasons for abandoning the [§ 5G1.3(c), cmt. n. 3 (1994) ] methodology in such a way as to allow us to see that it has considered the methodology." *Id.* at 441.

■ We further reject the government's argument that Wyner has waived the grounds for this appeal because his trial counsel erroneously told the district court that it had discretion to choose which version of § 5G1.3(c) to apply. *United States v. Gilcrist*, 106 F.3d 297, 302 (9th Cir. 1997). The attorney's statement is insufficient to demonstrate that Wyner "expressly agreed" to the district court's use of the post-amendment version by "affirmatively waiv[ing] consideration of the [pre-amendment] version of the guidelines or abandon[ing] the ex post facto argument."

*Chea,* 231 F.3d at 540 (citing *Gilcrist,* 106 F.3d at 302).

Although we remand for resentencing under the appropriate version of § 5G1.3(c), cmt. n. 3, we do not limit our remand to this issue. *United States v. Matthews,* 278 F.3d 880, 885–86 (9th Cir. 2002) (en banc). The remand will also permit the government to remedy the jurisdictional problems associated with its untimely Fed.R.Crim.P. 35(b) motion by allowing it to petition the district court for a downward sentencing departure under U.S.S.G. § 5K1.1.

VACATED AND REMANDED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.