UNITED STATES of America,
Plaintiff—Appellee,

v.

Michael D. WYNER, Defendant—
Appellant.

No. 03–50045.

D.C. No. CR–96–00350–WDK.

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2003.*

Decided Aug. 29, 2003.

Michael D. Abzug, Michael D. Abzug Law Offices, Michael H. Artan, Michael H. Artan Law Offices, Kenneth J. Kahn, Los Angeles Defenders Office, Los Angeles, CA, Christopher J. Cannon, Sugarmon & Cannon, San Francisco, CA, for Defendant.

Before HALL, THOMPSON, and WARDLAW, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**MEMORANDUM\*\***

Michael D. Wyner appeals the district court's resentencing after we vacated and remanded his original sentence. He claims that the district court erred in imposing the same sentence—to be served only partially concurrently with a prior undischarged sentence—from which he originally appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the sentence.

Wyner contends that the district court misapplied U.S.S.G. § 5G1.3(c) (1994) when it did not sentence him to the hypothetical combined sentence using the methodology in application note 3 to that guideline. It is undisputed that this approach would have resulted in a fully concurrent sentence. We have held that the methodology in this guideline is not mandatory, however, and a sentencing "court may decline to impose the sentence suggested by the commentary's methodology if it has a good reason for doing so." *United States v. Redman,* 35 F.3d 437, 441 (9th Cir. 1995). If the court chooses this latter option, it must "state its reasons for abandoning the commentary methodology in such a way as to allow us to see that it has considered the methodology." *Id.*

The district court fully complied with its obligations under § 5G1.3. After explicitly acknowledging the result under the commentary methodology, the district court explained that it did not consider a fully concurrent sentence to be appropriate because the instant crime and the previously sentenced crimes were "distinct." Wyner's suggestion that this is an invalid reason for abandoning the commentary methodology is undermined by our holding in

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Redman.* 35 F.3d at 439 (upholding district court's abandonment of the commentary methodology when two crimes were distinct, and using the methodology would have resulted in fully concurrent sentence).

Wyner's argument that *Redman* is distinguishable because in that case the prior crime was a state crime and the offenses were not groupable fails. Although the groupability and the separate-sovereign nature of the prior crime are relevant to a district court's ability to calculate the hypothetical combined sentence used in the commentary methodology, they do not impact a district court's discretion to choose to abandon the methodology if it supplies a valid reason for doing so. Because the district court's stated reason for doing so here is valid, Wyner's sentence is

**AFFIRMED.**