**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30396 |
| Plaintiff - Appellee, | D.C. No. CR 09-13-M-DWM |
| v. | |
| LAWRENCE JOHN SHEEHAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted October 5, 2010
Seattle, Washington

Before: THOMAS and M. SMITH, Circuit Judges, and HOGAN, District Judge.[**]

Lawrence John Sheehan (Appellant) appeals his 180-month sentence

imposed consecutively to a prior state-court sentence. Appellant contends that his

state-court incest conviction was the basis for an increase in the offense level for

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Michael R. Hogan, United States District Judge for the
District of Oregon, sitting by designation.

his federal offense, Transportation of a Minor in violation of 18 U.S.C. § 2433(a), and that the district court therefore should have imposed a concurrent sentence under Sentencing Guideline section 5G1.3(b).

## DISCUSSION

Because the factual and procedural history are familiar and not disputed, they will not be recounted here.

1.     Standard of Review:

Review of a district court's interpretation and application of the Guidelines is *de novo.  United States v. Redman*, 35 F.3d 437, 438 (9th Cir. 1994).

2.     U.S.S.G. § 5G1.3

Sentencing Guideline section 5G1.3 applies when a defendant is subject to one or more undischarged terms of imprisonment at the time of federal sentencing and governs the imposition of concurrent or consecutive sentences.[2]  The district

---

[2]     Subsection (a) applies only if the offense was committed while a defendant was serving a term of imprisonment;
Subsection (b) applies when "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense," and results in the sentences being run concurrently; and
Subsection (c) applies when neither (a) nor (b) applies, stating: "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant

court found that Appellant's prior offense fit the first part of the section 5G1.3(b) test as relevant conduct, but "the second aspect of it does not exist in this case," because the offense was not the basis for an increase in the offense level.

This finding allowed the sentence to be concurrent, partially concurrent, or consecutive, under U.S.S.G. § 5G1.3(c), and resulted in "a sentence of 15 years that is consecutive to the state sentence with no credit for time served." §5G1.3(c).  Additionally, on October 30, 2009, the district court issued specific findings with regard to its reasoning on the section 5G1.3 issue, stating that while the prior state incest conviction was relevant conduct, it was *not* the basis for an increase in Appellant's offense level for the federal transportation crime.  "The increase simply required the transporter to be a parent of the victim and thus was satisfied by the offense of conviction itself, not the relevant conduct."  *See* U.S.S.G. § 2G2.1(b)(1) and (2).

The district court's decision to impose a consecutive sentence therefore was not an abuse of discretion.

**AFFIRMED**.

---

offense."  2003 U.S.S.G. § 5G1.3(a), (b) and (c).