**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Onofre R. GALLEGOS, Defendant–Appellant.**

No. 93–2214.

United States Court of Appeals, Tenth Circuit.

Nov. 4, 1994.

Jana M. Miner, Asst. Federal Public Defender, Las Cruces, NM, for defendant-appellant.

Robert J. Gorence, First Asst. U.S. Atty. (John J. Kelly, U.S. Atty., with him on the brief), Albuquerque, NM, for plaintiff-appellee.

Before BALDOCK, SETH, and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

Appellant was convicted by jury trial of knowingly making a false statement for the purpose of influencing a bank to make a loan. 18 U.S.C. § 1014. In *United States v. Gallegos,* 975 F.2d 710 (10th Cir.), we remanded for resentencing. The remand was also for a determination of Mr. Gallegos' ineffective assistance of trial counsel claim, a claim that was not made in the trial court. It was the district court's determination on remand that there was no Sixth Amendment effective assistance violation. This appeal concerns only that conclusion of the trial court.

The key issue to be resolved by this court is thus whether a conflict of interest existed which rendered ineffective the representation of Appellant by Mr. James Brandenburg at the trial level. Appellant contends that two members of the same firm, Mr. Brandenburg and his partner and daughter, Kari Brandenburg, inappropriately represented both William Littlefield and Appellant whose interests were adverse to each other.

The Sixth Amendment, of course, entitles a defendant in a criminal case to the effective assistance of competent counsel. *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158. The Fourteenth Amendment makes this right applicable to the states by preventing states "from conducting trials at which persons who face incarceration must defend themselves without adequate legal assistance." *Cuyler v. Sullivan,* 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333. It is further clear that the right to counsel includes the "right to representation that is

free from conflicts of interest." *United States v. Bowie*, 892 F.2d 1494, 1500 (10th Cir.) (quoting *Wood v. Georgia*, 450 U.S. 261, 271, 101 S.Ct. 1097, 1103, 67 L.Ed.2d 220).

■ The standard by which an asserted conflict of interest claim is measured is set forth in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333. *Cuyler* held that a defendant who claims a violation of the Sixth Amendment, yet raised no objection at trial, must demonstrate that an "actual conflict of interest adversely affected his lawyer's performance." *Id.* at 348, 100 S.Ct. at 1718. Thus the "possibility" of conflict alone is "insufficient to impugn a criminal conviction." *Id.* at 350, 100 S.Ct. at 1719. The question under *Cuyler* is (1) whether there existed actual conflict; and (2) whether it had an adverse impact on the attorney's performance.

Appellant asserts four points of error in this appeal: (1) that the district court erred in determining that Appellant's attorney, James Brandenburg, did not have a conflict of interest with regard to his representation of Mr. Gallegos; (2) that the trial court erred in its determination that Mr. Brandenburg's representation of Appellant was not rendered ineffective as a result of any conflict of interest; (3) that the district court incorrectly applied the ineffective assistance of counsel standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, rather than the analysis set forth in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333; and (4) that the trial court erred by limiting its analysis of Mr. Brandenburg's performance to a review of the conflict of interest issue only. Appellant urges that the New Mexico Code of Professional Conduct be applied. *See* N.M.Code of Prof. Cond. § 16–109, et seq.

■ Our review of the district court's determination of whether an actual conflict existed is de novo. *United States v. Martin*, 965 F.2d 839 (10th Cir.). The district court's factual conclusions giving rise to its determination are subject to a clearly erroneous standard of review. *Id.*

Appellant was indicted by a federal grand jury on January 9, 1991 and charged with making a false statement with regard to a loan application for his company Metro–Tech. On January 18, 1991 Appellant hired James Brandenburg, a partner in Brandenburg and Brandenburg, P.C., to represent him on the charges.

Prior to the indictment of Appellant and his retention of Mr. Brandenburg, Appellant's business partner, William Littlefield, had retained Mr. Brandenburg's partner and daughter, Kari Brandenburg. This was after a target letter Mr. Littlefield received from the United States Attorney on October 10, 1990. On December 4, 1990, Mr. Littlefield spoke with Appellant and informed him that an indictment could be imminent and that he had retained Kari Brandenburg as counsel. Kari Brandenburg responded to the Littlefield target letter on December 7, 1990 with an offer that Mr. Littlefield would debrief the government so long as nothing he said during the debriefing would be used against him. This offer was accepted by the United States Attorney, and on January 8, 1991, Mr. Littlefield met with a representative of the United States Attorney. The meeting resulted in an agreement that Mr. Littlefield would not be prosecuted.

■ When Appellant's trial took place, Mr. Littlefield appeared and testified as a government witness. The *Cuyler* case states, as mentioned, that "until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Cuyler*, 446 U.S. at 350, 100 S.Ct. at 1719; *United States v. Soto Hernandez*, 849 F.2d 1325, 1329 (10th Cir.). Thus our inquiry is *not* whether a state disciplinary rule for lawyers has been violated by the Brandenburgs, but whether, everything considered, Appellant's counsel "actively" represented conflicting interests. The state rule is hereinafter discussed.

■ We conclude that the Brandenburgs did not actively represent Mr. Littlefield when they were representing Appellant. As mentioned, the representation of Mr. Littlefield was handled by Kari Brandenburg. For purposes of this case we assume that it was then imputed to James Brandenburg.

*Burger v. Kemp,* 483 U.S. 776, 783, 107 S.Ct. 3114, 3120, 97 L.Ed.2d 638; *Martinez v. Sullivan,* 881 F.2d 921, 930 (10th Cir.). The record demonstrates, however, that the representation of Mr. Littlefield by the firm terminated prior to the representation of Appellant. As recited above, Mr. Littlefield met with the United States Attorney's office on January 8, 1991 and at that time it was agreed that he would not be prosecuted. The record shows also that on January 10, 1991 Kari Brandenburg corresponded with Mr. Littlefield and "basically closed my case on him." Brief for Appellee at 5. Appellant retained James Brandenburg on January 18, 1991, eight days after Mr. Brandenburg's representation of Mr. Littlefield ceased. Before Appellant engaged Mr. Brandenburg he knew that Mr. Littlefield had been represented by Kari Brandenburg.

Of significance, the record demonstrates that there was no intermingling of the files in the Brandenburgs' office, and no exchange of comments or information between the partners. Further, with regard to his cross-examination of Mr. Littlefield, we find there was no indication that Mr. Brandenburg was laboring under a conflict of interest. Rather, the record indicates that Mr. Brandenburg's questions elicited numerous positive statements from Mr. Littlefield regarding Appellant and Metro–Tech. R. at 321–26. In direct response to one of Mr. Brandenburg's questions Mr. Littlefield stated that in his experience at Metro–Tech he had never seen evidence of wrongdoing or misrepresentation. R. at 321–22. Moreover, Mr. Brandenburg stated that he viewed Mr. Littlefield as a positive witness, and that Mr. Littlefield would have been called as a witness for the defense had the prosecution not called him. Brief for Appellee at 6–7. Finally, we agree with the trial court which stated that areas not covered by Mr. Brandenburg in his cross-examination of Mr. Littlefield would not have affected the outcome of the trial, but were rather omitted by Mr. Brandenburg under his theory of the case.

The Appellant raises as an issue the provisions of the Rules of Professional Conduct, and asserts that a conflict in the Brandenburg firm existed. N.M.Code of Prof.

Cond. 16–107, 16–108, 16–109, 16–110. The crux of these disciplinary rules is that a lawyer should not represent a client whose interests are adverse to those of a present client, or whose interests are adverse to those of a former client on a matter that is the same or substantially related to the previous matter. N.M.Code of Prof.Cond. 16–107, 16–109.

We have considered these rules and they are very important in the disciplinary context. It is apparent that some elements therein bear on the constitutional issue. However, it is apparent also that a violation of the rules will not in itself constitute a constitutional violation under *Cuyler* and related cases. These require that an "actual" conflict must be established, and this has not been done in the case before us.

We agree with the trial court's conclusion that no actual conflict existed. Moreover, we note that the trial court correctly applied the *Cuyler* doctrine in reaching its conclusion.

AFFIRMED.