62 F.3d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles David TEAFATILLER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-7158.
(D.C.No. CV-93-829-S).
 United States Court of Appeals,
Tenth Circuit.
 Aug. 8, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 
 KELLY
 
 1
 Mr. Teafatiller, appearing pro se, appeals from the denial of his 28 U.S.C. 2255 motion. He contends that, due to his counsel's ineffective assistance caused by a conflict of interest, he proceeded to trial, rather than entering into a more favorable plea agreement. According to Mr. Teafatiller, his counsel's loyalty was compromised because his counsel's law partner represented another codefendant (Gabriel) who was not offered a plea. As the story goes, out of loyalty to his law partner, counsel advised Mr. Teafatiller to go to trial due to the adverse effect his plea would have on codefendant Gabriel.
 
 
 2
 Mr. Teafatiller was convicted of various drug and drug-related offenses arising from a methamphetamine operation. On direct appeal, his convictions were affirmed, although a lesser included offense was vacated and combined with a CCE conviction. See United States v. Staggs, 881 F.2d 1546 (10th Cir.1989); see also United States v. Staggs, 881 F.2d 1527 (10th Cir.1989), cert. denied, 493 U.S. 1020 (1990). In response to his 2255 motion, the government produced affidavits from the prosecutor, Mr. Teafatiller's counsel, and Mr. Gabriel's counsel, all of which tend to show that (1) Mr. Teafatiller was never offered a plea; (2) Mr. Gabriel was offered a plea and rejected it contrary to the advice of his counsel, and (3) the operative facts alleged in the motion did not occur. The government also relied upon Mr. Teafatiller's various waivers concerning multiple representation.
 
 
 3
 Having failed to object to his counsel's representation until several years after his convictions, to prevail now, Mr. Teafatiller "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). He claims that he is entitled to a hearing concerning his allegations; however, in response to the magistrate judge's apparent acceptance of the government's affidavits, Mr. Teafatiller admitted that:
 
 
 4
 [t]he prior discussion raised by Petitioner was not that he was offered any plea bargain to plead to a portion of, or even to, the entire Indictment, and no definite promise was made as to a fixed term. It is the allegation that for the guilty plea a term of from 15 to 20 years would probably be the sentencing range.
 
 
 5
 * * *
 
 
 6
 Also, Petitioner does not state that the AUSA was the one making the bargain directly to him, rather it came to him via one of the attorneys on the case from the same law firm. (one of which was not employed by any codefendant).
 
 
 7
 I R. doc. 12 at 1-2. Given this admission, we see no actual lapse in representation by retained counsel. Nothing indicates that Mr. Teafatiller's counsel "was laboring under a conflict of interest." See United States v. Gallegos, 39 F.3d 276, 279 (10th Cir.1994). This case is unlike Moore v. United States, 950 F.2d 656, 660-61 (10th Cir.1991), in which the Petitioner came forward with facts demonstrating the need for a hearing on his ineffectiveness-due-to-conflict claim.
 
 
 8
 In view of our disposition, we need not reach the issue of the effectiveness of any waivers. See United States v. Migliaccio, 34 F.3d 1517, 1526-28 (10th Cir.1994).
 
 
 9
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument