**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE BENAVIDEZ,

      Defendant-Appellant.

No. 02-2098
(D.C. No. CR-00-1613-BB)
(District of New Mexico)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

On December 22, 2000, Jose Benavides, ("Defendant") was charged in a one count indictment with unlawfully and knowingly possessing a firearm in and affecting interstate commerce, Defendant having been previously convicted of a crime punishable for a term exceeding one year, in violation of 18 U.S.C. §922(g)(1) and 18 U.S.C. § 924(a)(2). Defendant, with appointed counsel, pled not guilty. Trial by jury, with different appointed counsel, resulted in a verdict of guilty. Defendant's total offense

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

level was 28 months and his criminal history category was V, the guideline range for imprisonment therefor being 130 months to 162 months. However, the statutory imprisonment under 18 U.S.C. §924(a)(2) is "not more than 10 years." In this connection, U.S.S.G. §5G1.1(a) provides that where the statutorily authorized maximum sentence is less than the minimum guideline range, which is our case, the statutorily authorized maximum sentence shall be the guideline sentence. In line therewith, the district court then sentenced Defendant to, *inter alia*, imprisonment for 10 years (120 months). Defendant, with another appointed counsel, appeals his conviction and the sentence imposed thereon.

On appeal, counsel argues three grounds for reversal: (1) error by the district court in limiting Defendant's trial counsel's cross-examination of a government witness; (2) error by the district court in denying Defendant's trial counsel's motion to withdraw on the grounds that he, Defendant's trial counsel, had a conflict of interest; and (3) that Defendant's alleged confessions were involuntary. We are not persuaded, and therefore we affirm the conviction.

## I. Cross-Examination

Prior to trial, the attorney who was then representing Defendant, filed two motions to suppress any oral statements made by Defendant to Detective Rodney Porter of the Hobbs Police Department on June 30, 2000. Shortly before trial, the district court denied both motions. Notwithstanding this favorable ruling, at trial the United States Attorney

2

did <u>not</u> call Porter as a government witness. However, when Defendant was presenting his case to the jury, his attorney called Porter as an "adverse witness" and asked that he be allowed to ask leading questions. Porter was examined and cross-examined at length in regard to his role in the case, and his questioning of Defendant on June 30, 2000, in the presence of a fellow officer.[1] In the course thereof, it developed that Porter had previously worked in the Midland, Texas police department, had left there in 1995 and had gone to work for the Hobbs Police Department in 1996. However, the district court did not allow defense counsel to question Porter as to the circumstances surrounding Porter's termination from his employment in Midland, Texas.

On appeal, as indicated, present counsel for Defendant first argues that the district court erred in not allowing trial counsel to question Porter as to the facts and circumstances surrounding his resignation from the Midland, Texas police department, arguing that such evidence would have bearing on Porter's credibility. We are not persuaded that counsel had a right to pursue this line of questioning under the Confrontation Clause.

At trial, counsel for Defendant admitted that Defendant was a previously

---

[1] The fellow officer, Jim Hardy, testified as a government witness and stated that he accompanied Porter when they questioned Defendant on June 30, 2000. At the time the two of them questioned Defendant, Porter had a tape recorder in his shirt pocket. The tape recording was transcribed and the transcript was given to the jury. During that conversation Defendant said he had received the gun from his brother "because he was being threatened."

convicted felon and that the gun in question was "in and affecting interstate commerce." Counsel's defense was that the gun did not belong to the Defendant, nor had he ever "possessed" it, as he was charged with doing. The government's theory of the case was that Defendant had "possessed" the gun in question. In this general connection, we would note that the sufficiency of the evidence is not an issue on appeal. Further, and by way of background, it appears that for several years before Defendant was arrested on this charge, Defendant had on several occasions acted as an "informant" for the Hobbs Police Department, for which services he received a cash payment from the department.

Although Porter was not called as a witness by the government, its evidence did show, *prima facie*, that Defendant had stated to Porter, Jim Hardy, and on another occasion, an Alcohol, Tobacco, and Firearms agent that the gun was in his possession for about one week for the purpose of protecting himself and his family, and that he decided to pawn the gun so that he could get money to buy gas so that he could drive to a job. Other evidence shows that Defendant and his friend, Garza, went to a pawn shop and that Garza, pawned the gun for $50, while Defendant remained in the automobile in the parking lot.[2] In defense counsel's examination of Porter, the conversations that Porter and his fellow officer had with the Defendant on June 30, 2000 were fully explored. It was in this setting that the district court denied counsel's renewed request that he be

---

[2] In his cross-examination of the pawn broker, defense counsel asked him what Garza had told him regarding Benavides and he said that "he was doing it for Benavides." Garza, though subpoenaed, did not appear at trial.

4

allowed to show that in 1995, Porter was terminated by the Midland, Texas police department under circumstances which, according to defense counsel, might undermine Porter's credibility. As indicated, the district court precluded such line of questioning. We find no reversible error on the part of the district court in thus holding.

Rules of Evidence 401 reads as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rules of Evidence 402 reads as follows:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Rules of Evidence 403 reads as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The district court did not err in precluding this line of questioning. In our view, the proffered line of questioning sought by counsel was not relevant, and, even if somehow relevant, it was properly excluded under Rule 403. *See United States v. Cherosposy* 340 F.3d 1148, 1167 (10th Cir. 2003); *United States v. Ellzey*, 936 F.2d 492, 495 (10th Cir. 1991). Porter left the Midland, Texas Police Department in 1995

5

and about eight months later joined the Hobbs Police Department. The present case involved events occurring in 2000 and Porter was testifying in 2001. Also, Jim Hardy, a fellow officer, was present when Defendant was questioned by Porter and the jury had a transcript of the tape recording of their conversation. Accordingly, there was no real dispute as to what was said on June 30, 2000.

## II. Motion to Withdraw

After his appointment to be trial counsel for Defendant, counsel filed a motion to withdraw and substitute counsel, asserting as grounds therefor that his stepson was a Captain in the Hobbs Police Department. The district court held a hearing on that matter. At the hearing it developed, *inter alia*, that counsel's stepson, though a member of the Hobbs Police Department, had nothing to do with the investigation leading up to the charge that Defendant was a convicted felon who possessed a firearm. At the hearing, Defendant stated he did not know counsel's stepson. At the hearing, Defendant also stated, rather equivocally, that "he was willing to give him [defense counsel] a try," even though he preferred to have new and different counsel appointed. Counsel also indicated at the hearing that his motion to withdraw was his way of letting all know, on the record, that his stepson was a member of the Hobbs Police Department and thus protect himself from any post-trial claim that counsel had a conflict of interest. After granting the Defendant a short continuance of his trial date, the district court denied counsel's motion to withdraw. At trial, counsel's stepson was not a witness, nor did it develop that he had

6

any role in the case. Under the described circumstances, the district court did not abuse its discretion in denying counsel's motion to withdraw. *See United States v. Gallegos,* 38 F.3d 276, 278 (10th Cir. 1994); *United States v. Johnson*, 961 F.2d 1488, 1490 (10th Cir. 1992).

Though it was not mentioned in appellant's opening brief, in his reply brief appellant attempts to inject into this appeal the issue of ineffectiveness of trial counsel. That issue is not present in the instant appeal, which is a direct appeal of a criminal conviction and sentence. *See Strickland v. Washington*, 466 US 668, 688 (1984); *United States v. Galloway*, 56 F.3d 1209 (10th Cir. 1995).

### III. Voluntariness of Confession

Finally, counsel in this Court argues that Defendant's "confessions" to Porter, Hardy, and the Alcohol, Tobacco and Firearms Agent, Brad Devlin, were all involuntary. This argument is apparently based, in part, on the fact that Defendant in the past had used drugs, though he had not been a user for several years, and that he presently took Ambien and medication for back pain, which showed, according to counsel, that his statements were not voluntarily made. This was all presented to the jury, without success.

Without belaboring the matter, appellate counsel has failed to show that, as a matter of law, his statements to Porter and Devlin were involuntary. It is a little late in the day to be suggesting that Defendant should have been allowed to call an "expert" witness to testify to Defendant's general credibility.

7

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge