81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard WEBSTER, Defendant-Appellant.
 No. 93-30332.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1996.
Decided March 27, 1996.
 
 Before: FLETCHER, NOONAN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Webster appeals his jury conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, and his sentence under the Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction, but vacate the sentence and remand for resentencing.
 
 
 3
 * Webster contends that he was denied effective assistance of counsel because his attorney failed to seek specific performance of his plea agreement. "The customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255." United States v. Birges, 723 F.2d 666, 670 (9th Cir.) (citation omitted), cert. denied, 466 U.S. 943 and 469 U.S. 863 (1984). "This is so because usually such a claim cannot be advanced without the development of facts outside the original record." Id. (citation omitted). Because we have no way of determining from the record why Webster's attorney failed to pursue the plea bargain, we cannot say with certainty that this decision was " 'outside the wide range of professionally competent assistance.' " United States v. Layton, 855 F.2d 1388, 1414 (9th Cir.1988) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)), cert. denied, 489 U.S. 1046 (1989). We therefore decline to address the merits of Webster's ineffective assistance of counsel claim.
 
 II
 
 4
 Webster contends that the district court erred in denying his motion for a new trial based upon newly discovered evidence that a government witness, Daniel Killinger, lied under oath at Webster's trial. At a minimum, Webster argues, the court should have granted his motion for an evidentiary hearing. We disagree.
 
 
 5
 Webster fails to satisfy the five-part test set out in United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991). As he concedes, "there was ample evidence before the jury to prove the elements of the crime as charged, had Killinger not testified." Since the evidence does not indicate that a new trial would probably result in acquittal, the district court did not err, either in denying Webster's motion for an evidentiary hearing or in denying his motion for a new trial. Id. For the same reason, a new trial is not required on the ground that Webster might be able to prove Killinger perjured himself. Williams v. United States, 500 F.2d 105, 106 (9th Cir.1974), and United States v. Chisum, 436 F.2d 645 (9th Cir.1971), which hold that convictions based substantially upon tainted evidence cannot stand, are therefore inapposite. Given the overwhelming evidence of Webster's activities from witnesses other than Killinger, there is no reasonable likelihood that the result would have been different. See United States v. Young, 17 F.3d 1201, 1203 (9th Cir.1994) (citation omitted).
 
 III
 
 6
 Webster contends that Killinger's testimony infected the sentencing as well because the district court relied upon Killinger's statement regarding the quantity of drugs Webster possessed. A review of the district court's Findings of Fact and Statement of Reasons, however, indicates that the court relied not upon Killinger's statement, but upon Webster's own statements. Accordingly, the sentencing was not tainted.
 
 IV
 
 7
 Finally, Webster contends that the district court erred in imposing a 120-month sentence to run consecutively with Webster's 60-month sentence in the Southern District of Texas. The government concedes that this was error, and we agree.
 
 
 8
 It appears that this sentence was the result of a misapplication of U.S.S.G. § 5G1.3(c), which at the time provided that "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." U.S.S.G. § 5G1.3(c) (Nov. 1, 1992). The district court seems to have read § 5G1.3(c) as requiring that the sentence be imposed consecutively rather than concurrently with the pre-existing sentence. In fact, however, the sentence need only run consecutively "to the extent necessary to achieve a reasonable incremental punishment for the instant offense." Id.; see also U.S.S.G. § 5G1.3(c), comment. (n. 3) ("In some circumstances, such incremental punishment can be achieved by the imposition of a sentence that is concurrent with the remainder of the unexpired term of imprisonment. In such cases, a consecutive sentence is not required.").
 
 
 9
 On the other hand, the district court may have simply chosen to impose a sentence that is inconsistent with § 5G1.3, United States v. Redman, 35 F.3d 437, 441 (9th Cir.1994), cert. denied, 115 S.Ct. 922 (1995); we can't tell whether the district court abandoned the commentary methodology or whether it sought to abide by the methodology but misapplied it. Under the circumstances, we vacate Webster's sentence and remand for resentencing. See United States v. Garrett, 56 F.3d 1207, 1208 (9th Cir.1995) (vacating and remanding for resentencing "[b]ecause the district court failed to properly consider the commentary methodology of the Sentencing Guidelines or to explain ... its reasons for using an alternative methodology").
 
 
 10
 AFFIRMED in part, VACATED in part, and REMANDED for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3