**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fidel Jose LUNA–MADELLAGA,
Defendant–Appellant.**

**No. 97–10102.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 1997.

Decided Jan. 20, 1998.

* Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit Court of

John Lambrose, Assistant Federal Public Defender, Las Vegas, Nevada, for defendant-appellant.

Brian L. Sullivan and Ronald C. Rachow, Assistant United States Attorneys, Reno,. Nevada, for plaintiff-appellee.

Before: BRIGHT,* FLETCHER, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

Defendant Fidel Jose Luna–Madellaga appeals his sentence imposed following his plea of guilty to illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a)(2). We have jurisdiction over this appeal under 28 U.S.C. § 1291. We affirm.

Appeals, sitting by designation.

## I.

At the time the district court sentenced defendant on the illegal reentry after deportation conviction, defendant was serving a sentence in Nevada State Prison for an unrelated offense. The district court therefore applied U.S.S.G. § 5G1.3,[1] which specifically addresses situations where the defendant being sentenced is subject to an undischarged term of imprisonment. The district court, after considering the factors set out in § 5G1.3, sentenced defendant to twelve months' incarceration to be served consecutively to the sentence defendant is currently serving in Nevada State Prison. Defendant appeals, claiming that the district court erred in its application of § 5G1.3.

## II.

Section 5G1.3 directs a sentencing court to impose a sentence to run either "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c) (1995). In determining whether a concurrent, partially concurrent or consecutive sentence is "a reasonable punishment," and to "avoid unwarranted disparity," a sentencing court is to consider the factors set out in 18 U.S.C. § 3584 (referencing 18 U.S.C. § 3553(a)), as well as

    (a) the type (*e.g.*, determinate, indeterminate/parolable) and length of the prior undischarged sentence;

    (b) the time served on the undischarged sentence and the time likely to be served before release;

    (c) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

    (d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3, comment. (n.3) (1995).

The district court considered each of the factors set out in § 5G1.3, found that a consecutive sentence would achieve a reasonable punishment, and sentenced defendant accordingly. Defendant argues, however, that the district court erred in its application of § 5G1.3 because it failed to perform a hypothetical guideline calculation as set out by this court in *United States v. Redman*, 35 F.3d 437 (9th Cir.1994).

In *Redman*, this court held that, in applying the pre–1995 amendment version of § 5G1.3 ("1992 version"),[2] a district court was required to calculate a U.S.S.G. § 5G1.2[3] hypothetical sentence. *Id.* at 442. In so holding, we relied on both the history and the plain language of the guideline.

As to the history, we noted that § 5G1.3 had been amended many times over the years. Originally, § 5G1.3 *required* courts to impose a consecutive sentence on a defendant serving an unexpired term of imprisonment for an unrelated offense. *Id.* at 440. In 1989, however, the guideline was amended to no longer require imposition of a consecutive sentence in every case, and to specifically reference, for the first time, U.S.S.G. § 5G1.2. The 1989 version of § 5G1.3 provided that a sentencing court *"may consider"*

---

**1.** Section 5G1.3 and its commentary were amended in 1995. In sentencing defendant, the district court applied the amended version of § 5G1.3 ("1995 version"). It is undisputed that the 1995 version of § 5G1.3 was the correct one to apply.

**2.** Prior to the 1995 amendment, § 5G1.3 provided that a sentencing court "shall impose a consecutive sentence to the extent necessary to fashion a sentence resulting in a reasonable incremental punishment for the multiple offenses"; and that the sentencing court was to "consider a reasonable incremental penalty to be a sentence … that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed

under [U.S.S.G.] § 5G1.2 … had all of the offenses been federal offenses for which sentences were being imposed at the same time…." U.S.S.G. § 5G1.3(c) comment. (n.3) (1992).

**3.** Section 5G1.2 specifies the procedure sentencing courts are to use for determining the specific sentence to impose on each count in a multiple-count case. U.S.S.G. § 5G1.2. It applies only to situations where there are multiple counts of conviction (1) contained in the same indictment or information, or (2) contained in different indictments or informations for which sentences are to be imposed at the same time or in a consolidated proceeding. U.S.S.G. § 5G1.2 comment.

imposing a sentence "that results in a combined sentence that approximates the total punishment that would have been imposed under § 5G1.2" had all the offenses been federal offenses for which sentences were imposed at the same time. *Id.* (ellipses omitted). ·

In 1991, the guideline was again amended. This amendment *mandated* imposition of a sentence that would approximate a hypothetical § 5G1.2 sentence: "To the extent practicable, the court *shall impose* a sentence for the instant offense that results in a combined sentence that approximates the total punishment that would have been imposed under § 5G1.2 had all of the offenses been federal offenses for which sentences were being imposed at the same time." *Id.* (ellipses omitted). Only one year later, § 5G1.3 was once again amended. This 1992 amendment backed off the 1991 version's mandate that a hypothetical § 5G1.2 sentence be imposed, providing instead: "To the extent practicable, the court *should consider* a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the hypothetical combined sentence under § 5G1.2." *Id.* (quotations omitted) (emphasis added).

In determining what the 1992 amendment language "should consider" meant, this court stated:

> The amendment of language in the guideline must properly be understood as evidence of an intent to abandon the standard established by the old language in favor of something different.... Although the district court no longer has complete discretion to employ any method it chooses when it decides upon a reasonable incremental penalty, neither is it required to use the commentary methodology [of approximating a hypothetical combined sentence under § 5G1.2].... Consideration of the commentary methodology is expected. So, too, is the court to take it to be most probable that the methodology will yield a reasonable incremental penalty.... The court may [however] decline to impose the sentence suggested by the commentary's methodology, if it has a good reason for doing so....

> True, the court must attempt to calculate the reasonable incremental punishment that would be imposed under the commentary methodology. If that calculation is not possible or if the court finds that there is a reason not to impose the suggested penalty, it may use another method to determine what sentence it will impose....

*Id.* at 441 (citations omitted). We thus held that, under the 1992 version of § 5G1.3, a sentencing court was required to calculate a § 5G1.2 hypothetical sentence and impose a sentence that approximates the suggested penalty or state its reasons for failing to do so. *Id.* at 442.

Defendant argues that the requirement that a sentencing court calculate and consider a hypothetical § 5G1.2 sentence as set out in *Redman* is still required under the 1995 version of § 5G1.3, and that the district court's failure to perform the hypothetical calculation in the present case was erroneous. We disagree.

Our holding in *Redman* that under the 1992 version of § 5G1.3, sentencing courts were required to employ the § 5G1.2 methodology was based on the fact that the § 5G1.2 methodology was *specifically* set out in § 5G1.3 (1992), and ·that § 5G1.3 (1992) specifically stated that a district court "should consider" the hypothetical § 5G1.2 sentence in determining whether a consecutive sentence should be imposed. *See id.* at 440–41. The language upon which we relied in *Redman* has been eliminated in the 1995 version of § 5G1.3. There is absolutely no reference to § 5G1.2 in the 1995 version, and therefore no reference to calculating a § 5G1.2 hypothetical sentence.

The 1995 version of the guideline replaces the language referring to the calculation of a § 5G1.2 hypothetical sentence with a requirement that the sentencing court consider and be cognizant of the following factors: the type and length of the prior undischarged sentence; the time served, and the time likely to be served before release, on the undischarged sentence; whether the undischarged sentence was imposed in state rather than federal court; and any other circumstances that are deemed relevant to the determina-

tion of an appropriate sentence for the instant offense.[4] U.S.S.G. § 5G1.3 comment. (n.3) (1995). Unlike the 1989, 1991 and 1992 versions of the guideline, the 1995 version contains no reference to § 5G1.2 and the calculation of a hypothetical sentence. This lack of reference is significant in light of the previous versions' reliance on the use of § 5G1.2 hypothetical calculations.

As the *Redman* court stated: "The amendment of language in the guideline must properly be understood as evidence of an intent to abandon the standard established by the old language in favor of something different." 35 F.3d at 441. The 1995 amendment abandons the reference to § 5G1.2 and the calculation of a hypothetical sentence. This evidences an intent to abandon the requirement that courts calculate and consider § 5G1.2 hypothetical sentences in favor of "something different"-consideration of the factors specifically set out in the 1995 version of the guideline. *See id.*

We hold that, under the 1995 version of § 5G1.3, sentencing courts are no longer required to calculate a hypothetical § 5G1.2 sentence.[5] Sentencing courts are instead required to give careful consideration to each of the factors specifically enumerated in the guideline and determine, based on those factors, whether a concurrent, partially concurrent, or consecutive sentence will achieve a "reasonable punishment" and "avoid unwarranted disparity." The district court complied with this requirement. The defendant's sentence is therefore AFFIRMED.

---

**4.** The commentary also states that the sentencing court "should consider" the factors set out in 18 U.S.C. § 3584 (multiple sentences of imprisonment) and 18 U.S.C. § 3553(a) (factors to be considered in imposing a sentence). None of these factors reference U.S.S.G. § 5G1.2.

**5.** The analysis set out by this court in *Redman* is not affected by this holding. We simply hold, as we did in *Redman*, that in applying § 5G1.3,

sentencing courts must follow the guideline's language. Under the 1992 version, this required that a district court calculate a hypothetical § 5G1.2 sentence. Under the 1995 version, this requires sentencing courts to give careful consideration to each of the guideline's enumerated factors. This court's holding in *Redman*, that in applying § 5G1.3, sentencing courts are to follow the plain language of the guideline, is therefore still viable.