**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Baltazar RODRIGUEZ–LOPEZ,**
**Defendant–Appellant.**

**No. 98–50419.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 1999.[1]

Decided March 25, 1999.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. Ap. P. 34(a).

Melissa D. Smith, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Richard J. Pietrofeso, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: SNEED, KOZINSKI and LEAVY, Circuit Judges.

PER CURIAM.

Jose Baltazar Rodriguez–Lopez appeals the 21–month sentence imposed following his guilty plea to one count of attempted entry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Rodriguez–Lopez contends that his sentence should be vacated because the district court failed to interpret the term "criminal conviction" contained in USSG § 2L1.2(b) to exclude prior convictions under 8 U.S.C. § 1326. We disagree.

The November 1, 1997 guidelines amended section 2L1.2 to delete the language stating that the four-level increase was not to be applied to felonies involving "violation of the immigration laws." *See* USSG 1997 Amendments, App. C, Amendment 562.[2] With the proscription against the use of immigration offenses removed, there is nothing to suggest that the enhancement should not apply to Rodriguez–Lopez's 8 U.S.C. § 1326 conviction or that the term "criminal conviction" does not include such an offense. *See United States v. Turnipseed,* 159 F.3d 383, 387 (9th Cir.1998) (stating that when interpreting guidelines, terms are to be given their ordinary meaning in the absence of persuasive reasons to the contrary); *see also Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350 (1998) (referring to section 1326(a) as a "crime" and holding that its corresponding subsection

---

**2.** USSG § 2L1.2, as amended on November 1, 1997 states, in relevant part:

> *§ 2L1.2. Unlawfully Entering or Remaining in the United State*s
> (a) Base Offense Level: 8
> (b) Specific Offense Characteristic
> (1) If the defendant previously was deported after a criminal conviction ..., increase as follows ...:

> (A) If the conviction was for an aggravated felony, increase by 16 levels.
> (B) If the conviction was for (i) any other felony, or (ii) three or more misdemeanor crimes of violence or misdemeanor controlled substance offenses, increase by 4 levels.

(b)(2) is a sentencing enhancement as opposed to a separate "crime").

Rodriguez–Lopez argues that if all convictions were meant to apply, the term "criminal" preceding "conviction" would be rendered superfluous. · In order to accept this proposition, we would have to assume that when the language proscribing the use of immigration felonies was removed, the Sentencing Commission intended to import that proscription into the term "criminal conviction" rather than intending to simply remove the proscription. Absent an express indication of such an intent, we think the guideline is more reasonably understood as evidence of an intent to abandon the proscription against the use of immigration felonies such as Rodriguez–Lopez's section 1326 conviction. *See generally United States v. Luna–Madellaga*, 133 F.3d 1293, 1296 (9th Cir.) (concluding that removal of language requiring courts to calculate a hypothetical sentence "evidences an intent to abandon the requirement"), *cert. denied*, —— U.S. ——, 118 S.Ct. 2073, 141 L.Ed.2d 148 (1998).

Rodriguez–Lopez also contends that the district court incorrectly included a prior section 1326 conviction in the calculation of his criminal history category because he was sentenced to "time served" as opposed to a specific period of time. This contention lacks merit because at the time he was sentenced to "time served," he had served sixty-two days between his arrest and sentence.[3] *See* USSG § 4A1.1(b) (1997) (instructing the sentencing court to add two points for "each prior sentence of imprisonment of at least sixty days"); *United States v. Schomburg*, 929 F.2d 505, 506–07 (9th Cir.1991).

AFFIRMED.

---

**3.** Rodriguez–Lopez does not dispute the fact that he was imprisoned for 62 days between his arrest and sentence.

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a).