UNITED STATES of America,
Plaintiff—Appellee,

v.

Miguel MONTOYA–LOPEZ, aka Angel
Montoya–Lopez, Defendant—
Appellant.

No. 01–10579.

D.C. No. CR–00–00159–ECR.

United States Court of Appeals,
Ninth Circuit.

Submitted April 3, 2002.*

Decided Dec. 9, 2002.

Before CHOY, FERGUSON and
BOOCHEVER, Circuit Judges.

MEMORANDUM**

Miguel Montoya–Lopez appeals the sentence imposed following his guilty plea to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

On February 11, 2000, Montoya–Lopez was convicted in Nevada state court of trafficking in a controlled substance. He was sentenced to thirty-two to eighty-four months' imprisonment, but his sentence was suspended and he was granted probation. Montoya–Lopez was released to the Immigration and Naturalization Service, and he was deported to Mexico on March 11, 2000. On October 30, 2000, Montoya–Lopez was arrested in Nevada for illegally reentering the country in violation of his probation conditions. His probation was revoked and his sentenced was reimposed. Thereafter, a federal grand jury returned an indictment charging Montoya–Lopez

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

with illegal reentry after deportation. 8 U.S.C. § 1326(a) and (b)(2). Montoya–Lopez pled guilty to the charge on July 3, 2001.

The Presentence Investigation Report ("PIR") recommended a total offense level of twenty-one, including a sixteen-level enhancement for a prior aggravated felony conviction, U.S.S.G. § 2L1.2(b)(1)(A),[1] and a criminal history category of III. This put Montoya–Lopez in a Guidelines range of forty-six to fifty-seven months' imprisonment. The PIR stated that, pursuant to U.S.S.G. § 5G1.3, the sentence must run consecutively with Montoya–Lopez's undischarged state term of imprisonment.

Montoya–Lopez raised two objections to the PIR. First, he argued that the application of § 2L1.2(b)(1)(A) was in violation of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Second, Montoya–Lopez disputed the PIR's determination that a consecutive sentence was in order. The district court overruled both of Montoya–Lopez's objections, and adopted the recommendations of the PIR. It sentenced Montoya–Lopez to forty-six months' imprisonment, to run consecutively with the period of confinement for his probation violation.

## I. *Apprendi* Claim

Montoya–Lopez appeals the district court's denial of his *Apprendi* claim. He argues that *Almendarez–Torres v. United States*, which held that § 1326(b)(2) "simply authorizes a court to increase the sentence for a recidivist ... [and] does not define a separate crime[,]" 523 U.S. 224, 226, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), does not control this appeal because it dealt with the 1995 version of 8 U.S.C. § 1326.[2] He contends that the 1996 amendments[3] to the statute made significant substantive and structural changes, and had the effect of making subsection (b)(2) a different crime from subsection (a)(1). Montoya–Lopez thus asserts that the 1996 amendments bring

---

1. U.S.S.G. § 2L1.2(b)(1)(A) provides for a sixteen-level enhancement if the defendant previously was deported after "a conviction for a felony that is ... a drug trafficking offense for which the sentence imposed exceeded 13 months...."

2. The 1995 version of 8 U.S.C. § 1326 reads, in pertinent part:

   (a) Subject to subsection (b) of this section, any alien who -
   (1) has been arrested and deported or excluded and deported, and thereafter
   (2) enters, attempts to enter, or is at any time found in, the United States, ...
   shall be fined under Title 18, or imprisoned not more than 2 years, or both.
   (b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection ...
   ....
   (2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.

3. The current version of 8 U.S.C. § 1326, which incorporates the 1996 amendments, states:

   (a) Subject to subsection (b) of this section, any alien who -
   (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
   (2) enters, attempts to enter, or is at any time found in, the United States, ...
   shall be fined under Title 18, or imprisoned not more than 2 years, or both.
   (b).... Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection ...
   ....
   (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both....

§ 1326 "squarely within the Supreme Court's holding in *Apprendi* [,] ... and renders the *Almendarez–Torres* decision of historical interest only." Appellant's Opening Brief at 33.

■ We disagree. The 1996 amendments to § 1326 did not create a new offense and undermine the continued validity of the *Almendarez–Torres*. *See, e.g., United States v. Martinez Martinez*, 295 F.3d 1041 (9th Cir.2002); *United States v. Echavarria–Escobar*, 270 F.3d 1265 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1943, 152 L.Ed.2d 847 (2002); *United States v. Parga–Rosas*, 238 F.3d 1209 (9th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 319, 151 L.Ed.2d 238 (2001); *United States v. Lopez–Gonzalez*, 183 F.3d 933, 935 (9th Cir.1999). Consequently, this circuit's decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001), forecloses Montoya–Lopez's *Apprendi* claim.

## II. U.S.S.G. § 5G1.3

Section 5G1.3 of the Sentencing Guidelines provides a methodology for sentencing a defendant who is subject to an undischarged term of imprisonment. *See United States v. Luna–Madellaga*, 133 F.3d 1293, 1294 (9th Cir.1998). Under U.S.S.G. § 5G1.3(b), if an "undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." Under § 5G1.3(c), if neither subsection (a) (dealing with offenses committed while the defendant is serving an undischarged term of imprisonment) nor subsection (b) applies, the district court may impose a sentence that is concurrent, partially concurrent, or consecutive to the undischarged term of im-

prisonment. "to achieve a reasonable punishment for the instant offense."

Montoya–Lopez appeals the district court's decision to impose a consecutive sentence under § 5G1.3(c). He argues that his drug trafficking conviction was "fully taken into account" since it had a substantial effect on his offense level and sentence through § 2L1.2(b)(1)(A). He thus claims that the district court should have applied § 5G1.3(b), which mandates concurrent sentencing.

We review for clear error the factual findings underlying the district court's application of the Sentencing Guidelines. *United States v. Montano*, 250 F.3d 709, 712 (9th Cir.2001); *United States v. Kim*, 196 F.3d 1079, 1084 (9th Cir.1999). We review the district court's interpretation and application of the Guidelines de novo. *Montano*, 250 F.3d at 712; *Kim*, 196 F.3d at 1083.

■ To begin with, the district court did not err by determining that Montoya–Lopez's February 11 offense was not "fully taken into account" in the determination of his offense level for the instant illegal reentry conviction. Although the application of § 2L1.2(b)(1)(A) did take the February 11 offense into account, it did not do so "fully." *See, e.g., United States v. Garcia–Hernandez*, 237 F.3d 105, 109 (2d Cir. 2000); *United States v. Caraballo*, 200 F.3d 20, 24–25 (1st Cir.1999). The conduct underlying the February 11 offense was not treated as relevant in determining the offense level for the instant conviction. Rather, it was the fact of the prior aggravated felony conviction that was considered. *Cf. Garcia–Hernandez*, 237 F.3d at 110 ("The Guidelines do not treat [the] prior drug conviction as if it had been prosecuted in the present proceeding. To the contrary, § 2L1.2(b)(1)(A) is premised on defendant having been *convicted* of an aggravated felony prior to his deportation

and his subsequent illegal re-entry.") (emphasis in original). Indeed, Montoya–Lopez's drug trafficking offense did not even involve the same conduct being punished in the instant § 1326 offense. *See United States v. Moyer*, 282 F.3d 1311, 1317 (10th Cir.2002) (noting that § 5G1.3(b) "applies only when the two convictions are based on the same conduct or course of conduct").

Our holding is consistent with the general purpose of § 5G1.3.[4] As the Supreme Court stated in *Witte v. United States*, 515 U.S. 389, 404–05, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), § 5G1.3 seeks to prevent "unfairness" by approximating the "total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time (*i.e.*, had all of the offenses been prosecuted in a single proceeding).... [It] operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." *See also United States v. Kimble*, 107 F.3d 712, 714–15 (9th Cir.1997); *Caraballo*, 200 F.3d at 26. In the instant case, the district court's application of a consecutive sentence produces a reasonable total punishment, and application of § 5G1.3(b) is not necessary to prevent a "gross increase" in Montoya–Lopez's sentence due to the "fortuity of two separate prosecutions[.]" If anything, applying § 5G1.3(b) would produce a "windfall" for a defendant like Montoya–Lopez, whose prior sentence was suspended and who violated his probation. *Reyes–Lugo*, 238 F.3d at 308.

Furthermore, the district court properly imposed a consecutive sentence under § 5G1.3(c). Application Note 6 to Sentencing Guideline § 5G1.3 provides, in per-

tinent part: "If the defendant was on ... state probation ... at the time of the instant offense, and has had such probation ... revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation...." Montoya–Lopez's case presents the exact situation contemplated by Application Note 6. Montoya–Lopez was on state probation for his February 11 offense when he committed the instant illegal reentry offense, and the state court revoked his probation as a result of the instant offense. The district court, therefore, correctly ordered a consecutive sentence.

AFFIRMED.

---

4. Our holding also is in line with the decisions of the two circuits that have specifically addressed the issue of whether a district court's application of § 2L1.2(b)(1)(A) constitutes "fully" taking a prior offense into account. *See U.S. v. Garcia–Hernandez*, 237 F.3d 105 (2d Cir.2000); *United States v.*

*Reyes–Lugo*, 238 F.3d 305 (5th Cir.), *cert. denied*, 532 U.S. 1073, 121 S.Ct. 2232, 150 L.Ed.2d 222 (2001).

