

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-24-2004

# USA v. Melendez

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1548

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Melendez" (2004). *2004 Decisions.* Paper 985.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/985

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1548

UNITED STATES OF AMERICA

v.

LUIS ARTURO MELENDEZ,

Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 00-cr-00319)
District Judge: Honorable Joseph A. Greenaway, Jr.

Submitted Under Third Circuit LAR 34.1(a)
October 30, 2003

Before: SCIRICA, Chief Judge, NYGAARD and AMBRO, Circuit Judges

(Opinion filed: February 24, 2004)

OPINION

AMBRO, Circuit Judge

Luis Arturo Melendez appeals his conviction of, and sentence for, knowing possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922 (g)(1) and (2).[1] He contends that: (1) the Government shifted its burden of proof to the defense, thus violating his right to due process; (2) the District Court abused its discretion by admitting evidence of his prior felony convictions; (3) and the District Court incorrectly calculated his criminal history for the purpose of sentencing. We find that there was no shift of the burden of proof and that Melendez waived his right to appeal the admission of his prior convictions. We also conclude that the District Court correctly calculated Melendez's criminal history. Therefore we affirm.[2]

## I. Factual Background

In May 2000 Melendez, a convicted felon, was charged with knowing possession of a firearm. At trial, the only issue for the jury was whether he knew that he possessed

---

[1] This statute provides in pertinent part:
(g) It shall be unlawful for any person –
 (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
 (2) who is a fugitive from justice; . . .
 to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition . . . .

While we discern no evidence of Melendez being a fugitive, he does not challenge that he was convicted under subsection (2) as well.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291.

the firearm.[3]

The Government's witness, Officer Nelson Rivera, testified that he observed Melendez while patrolling a high-drug area in Jersey City. According to Officer Rivera, Melendez would talk to pedestrians, open his canvas bag, close it, and engage in further conversation. Suspecting that Melendez was selling stolen items or drugs, Officer Rivera approached him. Rivera recounted that he overheard from about six feet away Melendez telling his company that "I have to sell this gun." At the time of arrest, Rivera found a .357 caliber revolver in the canvas bag Melendez was carrying. The gun was registered to Melendez's girlfriend, a former Hudson County Sheriff's Officer.

Melendez explained at trial that he went to his parents' house to pick up clothes that day and found the canvas bag while looking for something to carry the clothes. Although the sleeve of a sweater was sticking out from the bag, Melendez claimed he did not remove it because he was tired after his day at work. He claims that he put clothes in the bag without finding out what was inside. Therefore, Melendez argues, the gun must already have been in the bag and he did not know about it until his arrest.

On cross-examination, the Government questioned Melendez about what happened to the clothes in the bag. He testified that the Jersey City Police Department took them into its possession. When the Government asked Melendez if it would have been

---

[3]Melendez stipulated that he had a prior felony conviction and that the firearm found in his possession had traveled in interstate commerce

3

important for him to keep the clothes so he could present them to the jury, the defense counsel objected. The counsel argued that the question suggested that Melendez had to prove his innocence. The District Court overruled the objection and explained that, although Melendez had "no burden to establish his guilt or innocence," cross-examination about those items was proper since he was asserting that those items were in the bag.

Melendez then testified that, when he went to the Police Department to pick up his personal items, he inquired about the clothes. He claimed he was told that he would get them back after the trial. In Officer Rivera's report as to what items were in the canvas bag, he only listed the gun and the ammunition. However, Rivera conceded that plastic bags also were inside the bag. He further conceded that there could have been clothes but claimed that he did not remember any.

The Government demonstrated the gun in the bag in front of the jury and pointed out that it was "pretty heavy." Melendez rejoined that he did not notice the weight of the bag because he was tired and because he picked up heavy items every day.

The Government filed a motion *in limine* to admit evidence of Melendez's prior felony convictions to attack his credibility. The District Court denied the motion in part and granted it in part, ruling that the Government could use evidence of Melendez's two prior convictions for impeachment purposes. Melendez introduced this evidence on direct examination by admitting that he pled guilty to receiving stolen property in 1992 and again in 1993. No more facts were elicited about the convictions.

4

During its summation, the Government again displayed the gun in the bag, reiterating how heavy the gun was. Melendez moved for mistrial, and the motion was denied.

The jury found Melendez guilty. The District Court sentenced him to 92 months in prison, considering his prior conviction and sentence. Melendez appeals both his conviction and sentence.

## II. Standard of Review

We review the scope of cross-examination for abuse of discretion. *United States v. Werme*, 939 F.2d 108, 117 (3d Cir. 1991). We also review the denial of a motion for mistrial for abuse of discretion. *United States v. Resko*, 3 F.3d 684, 688 (3d Cir. 1993). Likewise, the District Court's decision to admit evidence is reviewed for abuse of discretion. *United States v. Johnson*, 302 F.3d 139, 152 (3d Cir. 2002). We exercise plenary review in determining whether the District Court misapplied the Sentencing Guidelines. *United States v. McNeill*, 887 F.2d 448, 454 (3d Cir. 1989).

## III. Discussion

### *A.*

Melendez first argues that when the Government questioned him as to the whereabouts of the clothes and demonstrated the gun in the empty bag, the burden was shifted to him to disprove an element of the crime – his knowledge of the gun in the bag. Thus, Melendez contends, this shift of the burden violated his due process right. We

5

disagree.

The Due Process Clause of the Fourteenth Amendment to the Constitution requires the Government to "prove every element of criminal offense beyond a reasonable doubt." *Sandstrom v. Montana*, 442 U.S. 510, 512 (1979). Melendez contends that the Government's question suggested that he had some burden of preserving evidence. He also claims that, because the Government mischaracterized the condition of the bag by demonstrating the gun in it without additional clothes, the burden of proof was improperly shifted to him. We do not agree, however, that the question and the demonstration relieved the Government of its burden of proving Melendez's knowledge.

First, Melendez explained to the jury that he tried to retrieve his clothes but was told by the Police Department that he would get them back after the trial. As the District Court noted, his testimony, if believed, showed to the jury that "he took more than adequate steps to try to recover his property." We also reject Melendez's contention that the way the gun and the bag were modeled in front of the jury created the type of unfair prejudice that requires mistrial because the jury was well aware of his testimony about the additional clothes. Furthermore, as the District Court correctly called attention, the Government was modeling what Melendez was doing at his parents' home before he put any additional items in the bag to make a point that he must have noticed the gun's weight (two to three pounds). It was irrelevant whether he put the clothes in the bag afterward. Thus, the motion for mistrial was properly denied.

Besides, the jury instruction clearly conveyed the correct standard. The District Court instructed the jury that "[t]he burden of proving [the] guilt beyond a reasonable doubt remains with the United States throughout the case and never shifts to a defendant." The jury was also instructed that "the defendant is presumed to be innocent of the crime unless and until the United States proves his guilt of the crime beyond reasonable doubt," and that if "you have a reasonable doubt as to the defendant's guilt, you must find him not guilty." The District Court further charged the jury that "the defendant is under no obligation to prove his innocence and likewise has no burden to present evidence."

Thus, we reject Melendez's contention that the jury would have believed that he had to prove his innocence because the Government questioned him regarding the whereabouts of his clothes and demonstrated the canvas bag without additional items in it.

## B.

Next, Melendez challenges the District Court's *in limine* ruling that allowed the Government to use his prior convictions for impeachment purposes.[4] We conclude that

---

[4]The District Court ruled that evidence of Melendez's prior convictions of receiving stolen property would be admissible under Federal Rule of Evidence 609(a)(1) or (2), alternatively. The Rule provides in pertinent part:
Rule 609. Impeachment by Evidence of Conviction of Crime
(a) General rule. For the purpose of attacking the credibility of a witness,
(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall

7

Melendez waived his objection to this ruling because he himself introduced the prior convictions evidence during his direct examination.

In *Ohler v. United States*, the Supreme Court held that "a defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error." 529 U.S. 753, 760 (2000). The Court noted that, even after the trial court's favorable ruling, the Government must still decide whether to impeach a defendant with his/her prior convictions evidence by gauging risk of possible reversal on appeal from its use. *Id*. at 758. Such a right to decide would be denied if a defendant introduced the conviction on direct examination. *Id*. at 758. Accordingly, the Supreme Court concluded that a defendant cannot "short circuit that decisional process by offering the conviction herself (and thereby removing the sting) and still preserve its admission as a claim of error on appeal." *Id*.

In this case, Melendez, as noted, confronted the issue of his prior convictions during his direct examination by admitting that he pleaded guilty to receiving stolen property in 1992 and in 1993. Thus, he cannot complain on appeal that the prior convictions evidence was erroneously admitted.

---

be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

8

## C.

Melendez also challenges the District Court's sentencing calculation, arguing that it erroneously assigned three criminal history points to his prior conviction for which he was sentenced to "time served," not to a specific period of time. Again we disagree.

The United States Sentencing Guidelines ("Guidelines") direct the sentencing court to "add three points for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. §4A1.1 (a). The District Court assessed three points based on Melendez's prior conviction of making terroristic threats, for which he was sentenced to time served – 448 days in prison.

Melendez claims that the sentence of time served should not be counted for the purpose of his criminal history calculation because he was not subject to a mandatory minimum sentence of one year and one month and because his sentence was mere "happenstance." However, contrary to Melendez's argument, the Guidelines do not require a mandatory minimum sentence of one year and one month, nor do they mandate sentencing of a specific period of time to be counted as criminal history points. Morever, Melendez's claim that the sentence could have been shorter if he had been sentenced earlier is irrelevant. The term of imprisonment actually imposed on a prior conviction, here 448 days, should be treated as the term intended by the sentencing court. *United States v. Rodriguez-Lopez*, 170 F.3d 1244, 1246 (9th Cir. 1999) (holding that defendant's prior sentence to time served was properly placed into the sentencing calculation because

9

that was the actual time served).  Here, Melendez was in prison for 448 days and was sentenced to the same period of time.  Therefore, the District Court correctly applied the Guidelines when it assigned three criminal history points to Melendez's prior sentence.

*  *  *  *  *

We affirm the District Court's judgment and sentence.