FILED

DEC 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10156 |
| Plaintiff - Appellee, | D.C. No. 4:06-cr-01277-JMR-JCG-1 |
| v. | |
| ROBERT THOMAS O'DONNELL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John M. Roll, Chief District Judge, Presiding

Argued and Submitted August 10, 2010
San Francisco, California

Before: GRABER, CALLAHAN and BEA, Circuit Judges.

Robert O'Donnell ("O'Donnell") appeals the district court's judgment,

which found that he had consumed alcohol and associated with felons in violation

of two conditions of his supervised release, and which revoked his original term of

36 months' supervised release, committed him to federal custody for five days'

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

time served, and imposed on him a new term of 36 months' supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

## I.

The district court did not violate O'Donnell's Fifth and Sixth Amendment rights when it denied his requests for an evidentiary hearing to call to the stand his treating counselor, therapist friend, and probation officer. To the extent O'Donnell sought testimony from these witnesses to contend that the district court should not impose a new term of imprisonment, or a supervised release condition that he reside in a residential reentry center, this issue is moot: the district court did not impose a new term of imprisonment, and O'Donnell has already completed his six months in a residential reentry center. *United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999). To the extent O'Donnell sought testimony from these witnesses for some other purpose, the Sixth Amendment does not apply to a revocation of supervised release proceeding. *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). There was no due process violation under the Fifth Amendment, which does apply to a revocation proceeding, because the district court read and considered letters from O'Donnell's treating counselor and therapist friend, and

---

[1] Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision.

defense counsel had already cross-examined O'Donnell's probation officer during a prior hearing that established supervised release violations. *See United States v. Sarno*, 73 F.3d 1470, 1502–03 (9th Cir. 1995). Even if we were to assume a due process violation, it would be harmless under these circumstances. *United States v. Havier*, 155 F.3d 1090, 1092 (9th Cir. 1998).

## II.

The district court did not violate Federal Rule of Criminal Procedure 32.1(b) when it denied without an evidentiary hearing O'Donnell's motion to modify his supervised release conditions. *United States v. King*, 608 F.3d 1122, 1130 (9th Cir. 2010) ("[A] Rule 32.1(c) *modification*—as opposed to a Rule 32.1(b) *revocation*—does not require an evidentiary hearing or a violation finding.").

## III.

The district court did not violate U.S. Sentencing Guideline § 6A1.3 or Federal Rule of Criminal Procedure 32(i) when it considered disputed facts in the presentence report from O'Donnell's initial sentencing for his sexual offense. The district court gave O'Donnell an "adequate opportunity" to present information as to disputed sentencing factors at his initial sentencing hearing, in a memorandum prior to his disposition hearing, and at his disposition hearing. U.S.S.G. § 6A1.3;

*accord* Fed. R. Crim. P. 32(i) (requiring only the opportunity to "comment" on disputed facts in a presentence report).

**IV.**

Given that O'Donnell admitted he consumed alcohol, the evidence was sufficient to revoke his supervised release. *United States v. Daniel*, 209 F.3d 1091, 1094 (9th Cir. 2000). There is no exception for de minimis violations. *See United States v. Tham*, 884 F.2d 1262, 1266 (9th Cir. 1989). We need not and do not decide whether O'Donnell associated with felons in violation of his supervised release.

**V.**

We hold that the district court erred by sentencing O'Donnell to the maximum term of supervised release authorized for his conviction without reducing that term by the number of days served after his first release from custody but before the revocation. The 18 U.S.C. § 3583(h) requires the court to subtract "any term of imprisonment that was imposed upon revocation of supervised release." Under § 3583(h) the question for decision is whether any term of imprisonment was "imposed upon revocation of supervised release." Ordinarily, "when courts sentence defendants in pre-conviction detention to time served, it is generally understood that the pre-conviction custody thereby becomes the term of

4

imprisonment imposed by the judgment." *Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232–33 (9th Cir. 2008) (internal quotation marks omitted); *see also United States v. Rodriguez-Lopez,* 170 F.3d 1244, 1246 (9th Cir. 1999) (per curiam) (treating a prior sentence of "time served" as a "prior sentence of imprisonment" for purposes of calculating the defendant's criminal history score).  Thus, we reverse the district court on this issue and remand to correct the length of supervised release term.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**